**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

METALLOGRAPHY WORLD CORPORATION,

Plaintiff,

-against-

SELECTIVE INSURANCE COMPANY
OF AMERICA,

Defendant.

-------------------------------------------------------------------------

Civil Index No. _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, METALLOGRAPHY WORLD CORPORATION, by its attorneys, MORGAN & MORGAN, P.A., as and for its Complaint against Defendant SELECTIVE INSURANCE COMPANY OF AMEREICA, alleges as follows:

**NATURE OF THE ACTION**

1.    Plaintiff METALLOGRAPHY WORLD CORPORATION brings this action against Defendant SELECTIVE INSURANCE COMPANY OF AMERICA for breach of contract.

2.    This action arises from the failure of Defendant to indemnify Plaintiff pursuant to a Policy of Insurance issued by Defendant to Plaintiff.

3.    The policy of insurance herein at issue insures against all risks, unless explicitly excluded.

4.    As the direct result of covered losses sustained by Plaintiff, it suffered damages in the amount to be determined at trial but is in excess of $75,000.00.

1

5.     Notwithstanding that these losses were covered pursuant to the terms and conditions of the Subject Policy, Defendant has failed to indemnify Plaintiff for its losses.

6.     As a result of Defendant's failure to comply with its own policy forms and conditions, Plaintiff has commenced this action against Defendant for Breach of Contract.

## PARTIES

7.     At all times herein mentioned, Plaintiff METALLOGRAPHY WORLD CORPORATION (hereinafter "Plaintiff") was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York, with its principal place of business at 250 Cooper Avenue, Suite No. 6, Tonawanda, New York, 14150.

8.     At all times hereinafter mentioned, Defendant, SELECTIVE INSURANCE COMPANY OF AMERICA, (hereinafter referred to as "Defendant" or "Selective"), was and is a foreign corporation, incorporated in the State of New Jersey with its principal place of business located at 40 Wantage Avenue, Branchville, NJ 07890.

9.     At all times hereinafter mentioned, Defendant was duly authorized by the New York State Department of Financial Services to issue policies of insurance, including the policy issued herein.

## JURISDICTION AND VENUE

10.     This action is filed under and pursuant to 28 U.S.C. §1332, in that the Plaintiff METALLOGRAPHY WORLD CORPORATION is corporation duly organized and existing under and by virtue of the laws in the State of New York with its principal places of business located in the State of New York and Defendant is a company duly organized and existing under and by virtue of the laws in the State of New Jersey with its principal place of business also in

2

the State of New Jersey, thus making the parties residents of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.    Pursuant to 28 U.S. Code § 1391(b)(2) venue is proper as Plaintiff's subject property, which is the property that is the subject of the instant action, is situated in the jurisdictional area of the U.S. District Court, Western District of New York.

12.    An actual controversy of a justiciable nature exists between Plaintiff and Defendant involving the rights and obligations under the aforesaid policy of insurance and the aforesaid controversy can be determined by judgment of this Court without further suit.

## FACTS RELEVANT TO ALL CAUSES OF ACTION

13.    At all relevant times, Plaintiff was and is in the business of manufacturing and distributing various products used in the metallographic industry which operated at a leased commercial space located at 155 Isabelle Street, Buffalo, New York 14207 (the "Subject Property").

14.    Prior to January 26, 2019, Plaintiff procured from Defendant, for good and valuable consideration, a certain policy of insurance bearing number S 2260607 (hereinafter referred to as the "Subject Policy"), with effective dates of December 1, 2018 to December 1, 2019, wherein and whereby it insured, amongst other things, Plaintiff's property and interests against all risks of loss or damage unless explicitly excluded.

15.    The Subject Policy explicated described the covered property to include business personal property and stock located at the Subject Property.

16.    In issuing and delivering the Subject Policy, Defendant impliedly warranted and covenanted that it would act in good faith in handling all claims made by the Plaintiff.

3

17. At all relevant times herein mentioned, Plaintiff had an insurable interest in the Subject Property including its business personal property and stock.

18. On or about January 26, 2019, while the Subject Policy was in full in force and effect, the Subject Property suffered a covered cause of loss which resulted in water damage to the interior space of the Subject Property as well as damage to Plaintiff's business personal property and stock (the "Loss").

19. As a result of the Loss, the Subject Property sustained damages in an amount to be determined at trial but in excess of $75,000.00.

20. As a result of the aforementioned Loss, Plaintiff has also sustained damages including loss of business income.

21. The Subject Policy was in full force and effect at the time of the Loss.

22. Plaintiff timely notified the Defendant of the Loss which Defendant assigned Claim Number 21952007 and sought reimbursement for the damages it suffered as a result of the Loss (the "Claim").

23. Plaintiff fully cooperated with Defendant.

24. Despite the fact that Plaintiff has satisfied all conditions precedent under the Subject Policy, Defendant has failed to fully reimburse Plaintiff for all of the damages it suffered related to the Loss and/or Claim.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT
**(Breach of Contract)**

25. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "24", inclusively, with the same force and effect as though more fully set forth herein at length.

26. On or about January 26, 2019, while the Subject Policy was in full force and effect, the Subject Property sustained damages in the amount to be proven at trial but in excess of $75,000.00.

27. Notwithstanding the fact that Plaintiff has satisfied all conditions precedent for coverage and has timely submitted its Claim to Defendant, Defendant has failed to fully indemnify Plaintiff for its Loss.

28. Defendant's failure to fully indemnify Plaintiff for its Loss constitutes a breach of contract.

29. As a direct result of Defendant's breach of the Subject Policy, Plaintiff has sustained unreimbursed damages in an amount to be proven at trial but exceeds $75,000.00 and the amount to be determined will represent the value of Plaintiff's business personal property and additional expenses caused by the Loss of business personal property.

30. As a result of the aforementioned Loss and Defendant's failure to fully indemnify Plaintiff, Plaintiff was forced to make further expenditures in, amongst other things, the cost of attempting to remediate the damaged business personal property and stock, removing and transferring the damaged business personal property, additional expenses to replace and repurchase the damaged business personal property and stock as well as various business costs and losses related to the damaged business personal property and stock.

31. Given that the Subject Policy required Plaintiff to take all reasonable steps to protect its business personal property from further damage in the event of the loss, it was within contemplation of Defendant that when it issued the instant Subject Policy that Defendant's failure to timely adjust settle and/or fully indemnify Plaintiff for a loss would result in Plaintiff sustaining consequential damages.

32.     Defendant's failure to timely adjust, settle and/or fully indemnify Plaintiff for the aforementioned losses also constitutes a breach of the covenant of good faith and fair dealing.

33.     As a result of Defendant's breach of the Subject Policy, Defendant has admittedly caused Plaintiff to incur consequential damages, including legal costs and fees.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT
**(Breach of Contract – Loss of Business Income)**

34.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "33," inclusively, with the same force and effect as though more fully set forth herein at length.

35.     On or about January 26, 2019, while the Subject Policy was in full force and effect, the Subject Property sustained property damages as the result of a covered peril.

36.     Plaintiff has incurred lost business income as a result of the Loss.

37.     Notwithstanding the fact that Plaintiff has satisfied all conditions precedent for coverage and has timely submitted its Claim to Defendant, Defendant has failed to issue any payments to Plaintiff for its business income losses.

38.     To date, Plaintiff has lost a substantial amount of business income in connection with the Loss, which continues to accrue.

39.     Notwithstanding the fact that Plaintiff has satisfied all conditions precedent for coverage and has timely submitted its Claim to Defendant, Defendant has failed to fully indemnify Plaintiff for its Loss.

40.     Defendant's failure to fully indemnify Plaintiff for its Loss constitutes a breach of contract.

41. As a direct result of Defendant's breach of the Subject Policy, Plaintiff has been damaged in a sum to be proven at trial but exceeds $75,000.00 as Plaintiff's loss of business income damages continue to accrue.

42. As a result of Defendant's breach of the Subject Policy, Defendant is liable in a sum to be proven at trial but exceeds $75,000.00 as Plaintiff's loss of business income damages continue to accrue.

**WHEREFORE**, Plaintiff demands judgment as follows:

a. On its first cause of action, in an amount to be determined but exceeds $75,000.00, plus pre- and post-judgment interest and consequential damages in an amount to be determined, together with costs, fees and disbursements of this action;

b. in an amount to be determined but exceeds $75,000.00, plus pre- and post-judgment interest and consequential damages in an amount to be determined, together with costs, fees and disbursements of this action;

c. For such further relief as this Court may find just and proper.

Dated: January 22, 2021                    Respectfully submitted,

                                           **MORGAN & MORGAN, P.A.**
                                           *Attorneys for Plaintiff*


                                           By: _/s/Steven E. Nauman_____
                                               Steven E. Nauman, Esq.
                                               State Bar No. 106126
                                               20 N. Orange Avenue, Suite 1600
                                               Orlando, Florida 32801
                                               Tel: (407) 244-3962
                                               *SNauman@forthepeople.com*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues which may be tried by a jury.

Dated:  January 22, 2021

MORGAN & MORGAN, P.A.
*Attorneys for Plaintiff*

By:  /s/Steven E. Nauman
　　　Steven E. Nauman, Esq.
　　　State Bar No. 106126
　　　20 N. Orange Avenue, Suite 1600
　　　Orlando, Florida 32801
　　　Tel: (407) 244-3962
　　　*SNauman@forthepeople.com*